IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-582-FL

| | |
|---|---|
| TAMMY M. HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 15, 27). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the deadline for defendant's response has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court declines to follow the recommendation of the magistrate judge, grants plaintiff's motion to remand, and denies defendant's motion for judgment on the pleadings.

**BACKGROUND**

Plaintiff filed an application for disability benefits on March 9, 2011, alleging disability beginning February 26, 2010. This application was denied initially and upon reconsideration. A hearing was held on March 5, 2013, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated May 22, 2013. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on October 6, 2014, seeking

reversal of defendant's final decision, or, in the alternative, remand to defendant for further proceedings.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute the judgment of the court for that of the ALJ. Craig, 76 F.3d at 589 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

2

explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> "(1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work."

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 26, 2010, the date of alleged onset of disability. (Tr. at 15, DE 13). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, anxiety disorders, and fibromyalgia. (Id.). The ALJ found that plaintiff's impairments caused a significant limitation in the claimant's ability to perform basic work functions. (Id.). However, at step three, the ALJ determined that these impairments were not severe enough, individually or in combination, to meet or medically equal one of the Listings in the regulations. (Id. at 16). Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work subject to certain limitations: she is able to make work decisions commensurate with

3

performing simple tasks, with a predictable schedule and with no quota requirements; she can occasionally interact with coworkers and supervisors; she can occasionally climb ramps, stairs, ladders, ropes and scaffolds and can occasionally balance, stoop, kneel, crouch, and crawl; she can occasionally be exposed to pulmonary irritants (fumes, odors, gases, poor ventilation) and hazards; and she is unable to interact with the public. (Id. at 16-17). In making this assessment, the ALJ found plaintiff's statements about her own limitations not fully credible. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. (Id. at 21). At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Id.).

B. Analysis

Plaintiff raises four arguments in support of her motion. First, plaintiff argues that defendant erred in refusing to consider the two pieces of evidence from plaintiff's rheumatologist, Robert A. Harrell, M.D. ("Dr. Harrell"), submitted to the Appeals Council but not incorporated into the administrative record (hereinafter "Dr. Harrell's June 27, 2013, opinion").[1] Second, plaintiff argues that defendant failed to properly evaluate the medical opinion evidence, including that of Dr. Harrell; plaintiff's treating internist, Dr. McCrary; plaintiff's treating neurosurgeon, Dr. Bronec; and state agency physicians. Third, plaintiff contends that because of those two errors, defendant's RFC finding was not based on substantial evidence. Fourth, plaintiff claims that defendant failed to make a proper credibility finding regarding Ms. Hill's testimony. Because the court determines that the first argument requires remand for further consideration, the court does not address plaintiff's remaining arguments.

---

[1] Where the new evidence consists of a treatment note and a report, related to the same physical examination, and from the same date, the court will refer to both documents together as "Dr. Harrell's June 27, 2013, opinion."

4

"The Appeals Council must consider evidence submitted with [a] request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (internal citations and quotations omitted). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." Id. at 96 "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. The new evidence need not have existed during that period before the date of the ALJ's decision, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987). A court remanding pursuant to sentence six "does not rule in any way as to the correctness of the administrative determination," but rather remands to allow defendant to consider whether the new and material evidence would change the outcome. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

After the ALJ determined on May 22, 2013, that plaintiff was not eligible for disability benefits, plaintiff submitted new evidence to the Appeals Council in the form of Dr. Harrell's June 27, 2013 opinion. In his opinion, Dr. Harrell determined that plaintiff's back pain from fibromaglyia was ongoing since her last visit in May 2012, and that because of her pain she was limited to sitting/standing for two hours of an eight-hour workday, would have to take frequent breaks, would have to be absent more than four days per month, and could only lift two pounds rarely. (DE 16-1 at 2, 3). The Appeals Council rejected Dr. Harrell's June 27, 2013, opinion on the grounds that it did not relate back to the period on or before the date of the ALJ's decision:

> We . . . looked at records from Robert A. Harrell, MD, dated June 27, 2013 (6 pages). The Administrative Law Judge decided your case through May 22, 2013.

5

> This new information is about a later time. Therefore, it does not affect the decision
> about whether you were disabled beginning on or before May 22, 2013.

(Tr. at 2).

The basis of the Appeals Council's decision to not consider the June 27, 2013, opinion is that "this information is about a later time." Id. However, the June 27, 2013, opinion relates to the period on or before the date of the ALJ's decision. Dr. Harrell's June 27, 2013, opinion explicitly relates back at least three months. (DE 16-1 at 1). ("Does Ms. Hill have a history of widespread pain that has persisted for at least three months? Yes."). Dr. Harrell's opinion further states that plaintiff's limitations and condition were present when he previously examined her in May 21, 2012, and that "it appears her limitations began in 2009." (DE 16-1 at 4). The ALJ issued his decision on May 22, 2013, which is within the minimal time frame (March 27, 2013, to June 27, 2013), explicitly covered by the report. Therefore, the June 27, 2013, opinion plainly relates to the period on or before the date of the ALJ's decision, and meets this first Wilkins requirement.

The court now turns to whether the other two Wilkins prongs are met; whether the evidence is "new" and whether the evidence is "material." This evidence is new, not "cumulative" or "duplicative." See Wilkins, 953 F.2d at 95-96. It contains new assessments of plaintiff's capacities not previously addressed by Dr. Harrell, and does so on the basis of his own examination of plaintiff. (DE 16-1 at 2, 3; compare Tr. 513). Dr. Harrell's June 27, 2013, opinion also is material, as, if it were to be entered into the record, there exists a reasonable possibility it could change the outcome of the ALJ's opinion. See Wilkins, 953 F.2d at 95-96. As Dr. Harrell is a specialist, who has examined patient on multiple occasions, the new evidence may be afforded additional weight.[2] See

---

[2] Dr. McClary was plaintiff's treating physician at Durham Internal Medicine. Her medical opinion was provided little weight by the ALJ, and plaintiff objected to this assignation. At this time, the court does not rule on this objection, but notes that at the time of the ALJ's decision, Dr. Harrell's June 27, 2013, opinion was not entered into the

6

Case 5:14-cv-00582-FL   Document 27   Filed 11/20/15   Page 6 of 8

20 C.F.R. 404.1527(c)(5). Thus, there is a reasonable possibility that the ALJ may have found plaintiff was disabled based upon this evidence. See Wilkins, 953 F.2d at 96.

Defendant provides two primary arguments as to why the Appeals Council correctly declined to consider Dr. Harrell's opinion. First, defendant argues that the "evidence is not new, but is cumulative and duplicative" because other sources of evidence had provided similar information with respect to plaintiff's illnesses and limitations with standing, walking, and lifting. Second, defendant argues that the evidence is not material because it was about a later time, and then goes on to cite evidence of the record inconsistent with some of the conclusions in Dr. Harrell's medical opinion.

As a threshold matter, the court notes that the reasoning defendant provides to defend the decision of the Appeals Council does not comport with the reason actually given by the Appeals Council to discount Dr. Harrell's opinion. Defendant suggests the language of the Appeals Council about how the new evidence "does not affect the decision" is about materiality, the second Wilkins prong. However, the Appeals Council rejected Dr. Harrell's June 27, 2013, opinion on the grounds that it was about a later time, which grounds have been shown to be incorrect. Defendant suggests that the measure of "materiality" can be met by the fact that evidence would not be considered by the ALJ, rather than the strength of the evidence were it to be considered. This misreads Wilkins, as it would take any reason for which evidence was not accepted as grounds for lack of materiality, swallowing up the other two prongs.

Furthermore, defendant's post-hoc rationalization for excluding Dr. Harrell's opinion is unavailing. In light of the erroneous explanation provided by the Appeals Council, and the absence

---

record, and had it been so, it reasonably could have affected the assignation of little weight to Dr. McClary's opinion. See Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005).

of any other explanation in the record for excluding or giving little weight to Dr. Harrell's June 27, 2013, opinion, the court is unable to determine that substantial evidence supports the decision. In considering the medical opinions properly in the record, the Commissioner must weigh the opinions in the first instance. See Craig, 76 F.3d at 589.

## CONCLUSION

Based on the foregoing, upon *de novo* review, and upon considered review of the record, the court REJECTS the recommendation of the magistrate judge (DE 24), GRANTS plaintiff's motion for judgment on the pleadings (DE 16), DENIES defendant's motion for judgment on the pleadings, (DE 17), and REMANDS this matter to defendant, pursuant to sentence six of 42 U.S.C. § 405(g), for further consideration in accordance with this order. Following remand, the Commissioner must return to this court to file any additional or modified findings, and any transcript of additional record upon which the modification or affirmance of the prior decision is based, pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED, this the 20th day of November, 2015.

LOUISE W. FLANAGAN
United States District Judge